**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

MAR 09 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESSICA ROMERO, individually and on behalf of all others similarly situated; MICHAEL DOUGHERTY, individually and on behalf of all others similarly situated, <br><br>               Plaintiffs - Appellants, <br><br>   v. <br><br> LOS ANGELES COUNTY METROPOLITAN TRANSIT AUTHORITY, a corporation, AKA LA County MTA; ARTHUR T. LEAHY, Chief Executive Officer of the Los Angeles County Metropolitan Transit Authority, in his individual and official capacities, <br><br>               Defendants - Appellees. | No. 14-56353 <br><br> D.C. No. 2:14-cv-03456-DSF-AGR <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted March 2, 2015
Pasadena, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: REINHARDT, N.R. SMITH, and HURWITZ, Circuit Judges.

Plaintiffs Jessica Romero and Michael Dougherty sued the Los Angeles County Metropolitan Transit Authority ("MTA") and its Chief Executive Officer, Arthur Leahy, alleging violations of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131-12165, and various other provisions of federal and California law. They appeal the district court's denial of their motion for a preliminary injunction. We have jurisdiction under 28 U.S.C. § 1292(a)(1), and affirm.

**1.** The district court did not clearly err in finding that the plaintiffs have not demonstrated a likelihood of ongoing or future irreparable injury, especially in light of the evidence of measures taken by the MTA in response to the settlement of a prior ADA lawsuit. *See Midgett v. Tri-Cnty. Metro. Transp. Dist. of Or.*, 254 F.3d 846, 850 (9th Cir. 2001). There was no abuse of discretion in the denial of the preliminary injunction. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011); *Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1174 (9th Cir. 2011).

**2.** The plaintiffs also seek review of the denial of their class certification motion, but they never filed the required petition to appeal pursuant to Federal Rule of Civil Procedure 23(f). There is no basis for the exercise of pendent appellate jurisdiction because denial of the preliminary injunction neither depended upon, nor

2

inevitably resolved, the issues in the class certification denial. *See Cunningham v. Gates*, 229 F.3d 1271, 1284-86 (9th Cir. 2000).

**AFFIRMED.**